UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF MISSOURI

KRYSTAL WILCHER, individually and on behalf of all others similarly situated,

    *Plaintiff*,

v.

APT MARKETING LLC,

    *Defendant*.

Case No. 6:23-cv-03087-DPR

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff Wilcher moves for entry of final default judgment against Defendant APT Marketing LLC and in favor of Plaintiff, individually.

Plaintiff filed her Complaint on March 23, 2023. *See* ECF No. 1. Plaintiff served Defendant on April 10, 2023. ECF No. 6. Accordingly, Defendant's response to the Complaint was due by May 1, 2023. Defendant failed to respond or otherwise seek an extension. On February 21, 2024, the Clerk entered a Default against APT Marketing LLC. ECF No. 25. Based on the Default, Defendant has admitted all well-pleaded allegations of the Complaint.

Specifically, Defendant violated the TCPA by making telemarketing calls without consent to Plaintiff who registered her phone number on the National Do Not Call registry ("DNC). *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c). For each violation of the TCPA's DNC provision, Defendant is liable for statutory damages in an amount up to $500 per violation, which can be tripled if the violation was willful or knowing. *Id*.[1]

---

[1] Plaintiff elects to seek judgment on her claim under the TCPA's DNC provision as opposed to her claim under the TCPA's internal do not call provision, 47 C.F.R. § 64.1200(d), which, like the DNC provision, is actionable under 47 U.S.C. § 227(c)(5).

1

As Defendant's owner confirmed at his deposition, Defendant called Plaintiff 94 times from October 15, 2020 to April 12, 2022. *See* transcript deposition of Defendant's owner, Jarrad Gibson [attached as Exhibit 1], at 40:23-41:19; Defendant's production at 9-10 [attached as Exhibit 2] ("All calls/logs made to Plaintiff"). And those calls were made at a time that Defendant did nothing to comply with the requirements of the DNC. *Id*. at 14:9-15 (testifying that Defendant did nothing to scrub purchased, non-consensual leads like Plaintiff's against the DNC before calling them). Accordingly, Plaintiff is entitled to a judgment for the maximum available statutory damages of $1,500 per call, totaling $141,000.

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Given Defendant's default and corresponding admission of all of Plaintiff's well-pleaded allegations, including Plaintiff's individual allegations, Plaintiff is entitled to the entry of a default final judgment against Defendant and in her favor, individually.

Plaintiff would be prejudiced if Defendant, who is well aware of the instant lawsuit, is able to dodge liability by failing to respond to the Complaint, especially given that this lawsuit arises from Defendant's continued and knowing violation of the TCPA.

The Complaint sufficiently pleads the elements of the claim asserted and is meritorious as confirmed by Defendant's owner's testimony and the documents Defendant produced in this

matter. Defendant made more than one unsolicited telemarketing call within a 12-month period to Plaintiff, a residential telephone subscriber who has registered her telephone number on the DNC, even after her stop requests. ECF No. 1; 47 U.S.C. § 227(c)(5), 47 C.F.R. § 64.1200(c).

Under Plaintiff's First and Second Causes of Action, Plaintiff is entitled to statutory damages of $1500 per violation, as set forth in 47 U.S.C. § 227(c). Plaintiff seeks treble damages for Defendant's willful violation of the statute because, as alleged in the Complaint, Defendant's conduct is egregious because the calls to Plaintiff were made without scrubbing leads against the DNC, without the implementation of policies meeting the minimum requirement to allow Defendant to make telemarketing calls, and despite Plaintiff's specific requests that the calls stop. Gibson Depo. 13:21-14:15, 21:15-22:6.

Plaintiff is also entitled to reimbursement of the filing fee for this action, $402, the costs associated with service of process of the complaint, $238, the *pro hac vice fee*, $100, and the deposition transcription costs of $277.25. Kaufman Declaration [attached as Exhibit 3] at ¶ 2. Accordingly, Plaintiff requests entry of default judgment in the total amount of $142,017.25, plus interest. Kaufman Decl. at ¶ 3.

Defendant's decision not to file a responsive pleading in this putative class action is indicative of the lack of dispute of material facts, and that the last three *Eitel* factors weigh in favor of granting default judgment. Defendant's default was not due to excusable neglect. Despite being served and Plaintiff's counsel having subsequent discussions with Defendant's counsel and even participating in discovery to a limited degree, which included the deposition of Defendant's owner, Plaintiff believes that Defendant affirmatively chose not to defend itself in an effort to avoid class-wide relief. Although the policy underlying the Federal Rules of Civil

Procedure favors decisions on the merits, Defendant's effort to avoid liability by failing to respond to this lawsuit cannot be countenanced. *Id*. at ¶ 4.

Accordingly, Plaintiff requests entry of default judgment in the total amount of $142,017.25, plus interest.

DATED this 15th day of August, 2024.    Respectfully submitted,

*/s/ Avi R. Kaufman*
Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

Tylor Whitham MO Bar No. 69428
12120 State Line Rd, Box 265
Leawood, KS 66209
Telephone: 816-522-3399
Facsimile: 913-341-2807
tylor@whithamlawfirm.com
*Counsel for Plaintiff and the putative Classes*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 15, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and it is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Avi R. Kaufman*